# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>      Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTION CONFINEMENT SHU,<br><br>      Defendants.<br>_____/ | CV F 06-441 OWW SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1) |

Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 21, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
2  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
3  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
4  complaint under this standard, the court must accept as true the allegations of the complaint in
5  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
6  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8       The Court has examined the Complaint and finds that it not only fails to state a claim for
9  relief but that the allegations are frivolous.  A complaint is frivolous when it has no arguable
10  basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).

11       Plaintiff alleges that the Defendants, all of whom have been identified solely by their job
12  titles of Director, Warden, Asst. Warden, Captain and Lieutenant, are "in a conspiracy watching
13  [Plaintiff] night and day from a wall camera from [the] neighboring cell . . ." (Complaint at 5.)
14  Plaintiff also contends that the named Defendants have placed on him "some kind of mind device
15  machine know what I think, what I read, what I write."  Id. Plaintiff alleges further that the
16  Defendants and all inmates harass him every day and night threaten to kill him.  Id.

17       Even construing these allegations in the light most favorable to Plaintiff, his allegations
18  have no basis in fact or law.  Moreover, Plaintiff has failed to link any of his claims to any named
19  Defendant. Rizzo v. Goode, 423 U.S. 362 (1976).  Additionally, verbal harassment or abuse
20  alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v.
21  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a
22  constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff also requests
23  8 million dollars in compensatory damages and 8 million dollars in punitive damages.  The
24  amount of monetary damages requested by a prisoner proceeding in forma pauperis has been held
25  relevant to a frivolity determination.  Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2005.)
26  Other than the amount of monetary damages requested in this action, Plaintiff's allegations are
27  identical to previously filed cases, Weaver v. CCI, CV F 06-429 AWI SMS P, Weaver v. CCI,
28  CV F 06-441 OWW SMS P.

1    The Court finds that the deficiencies outlined above are not capable of being cured by
2 amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii);
3 Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court
4 RECOMMENDS that the instant case be DISMISSED in its entirety as DUPLICATIVE of case
5 nos. CV F 06-429 AWI SMS P,CV F 06-441 OWW SMS P, FAILS TO STATE A CLAIM upon
6 which relief can be granted and because allegations made are FRIVOLOUS.

7    It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
8 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
9 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
10 Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy
11 of this Report and Recommendation, any party may file written objections with the Court and
12 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
13 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
14 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
15 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

16    The parties are advised that failure to file objections within the specified time may waive
17 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
18 1991).

19 IT IS SO ORDERED.

20 **Dated:   May 18, 2006**              **/s/ Lawrence J. O'Neill**
   b9ed48                                 UNITED STATES MAGISTRATE JUDGE